**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| KHASAN KHASRATOV, et al.,<br><br>*Petitioners*,<br><br>v.<br><br>GARY STOLZER[1], Warden of Ste. Genevieve County Jail,<br><br>*Respondent*. | ) | No. 1:26-cv-00173-JMD |

**ORDER DISMISSING PETITION**

Khasan Khasratov and Asiiat Khasratova seek a writ compelling the Federal Government to immediately release them from immigration detention or at least give them a bond hearing. ECF 1. This Court previously denied Counts I, II, and IV of their petition. ECF 8. The remaining count, Count III, alleges that United States Immigration and Customs Enforcement violated an agency regulation, 8 C.F.R. § 212.5(e)(2)(i), by revoking the couple's immigration parole without a bond hearing or individualized review. But the Court lacks jurisdiction over that challenge, so it will dismiss the petition with respect to Count III, the last remaining count.

---

[1] The Court substitutes Gary Stolzer as the respondent because he oversees the detention facility where the petitioners are being held. *See* 28 U.S.C. § 2242 (stating that a habeas petition shall allege "the name of the person who has custody over" the petitioner); *id.* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement—core challenges—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." (cleaned up)); Case Management Order at 1 n.1, *Mekonnen v. Stolzer*, No. 1:26-cv-00122-AGF (E.D. Mo. June 1, 2026), ECF 4 (substituting the detention facility warden for "numerous [r]espondents" named in an immigration habeas petition).

Paroling an immigrant alien is a discretionary act, 8 U.S.C. § 1182(d)(5)(A), and "[f]ederal courts have a very limited role to play" when it comes to discretionary relief in immigration proceedings, *Patel v. Garland*, 596 U.S. 328, 331 (2022). Relevant here is a jurisdiction-stripping provision. It bars judicial review of any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under [8 U.S.C. §§ 1151 to 1382] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a)." 8 U.S.C. § 1252(a)(2)(B)(ii). In simpler terms, "[t]wo elements trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151–1381)," now § 1382. *Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024).

Termination of parole meets both elements. First, federal law entrusts that decision to "[t]he Secretary of Homeland Security." § 1182(d)(5)(A). Second, a statute in the relevant subchapter expressly gives the Secretary discretion to grant or terminate parole. The Secretary "*may . . . in his discretion* parole into the United States temporarily *under such conditions as he may prescribe* only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." *Id.* (emphases added). When "in [his] opinion" the purposes of parole have been served, he may terminate it. *Id.* The Court is thus powerless to review the petitioners' challenge here. *See Ihor B. v. Regalado*, No. 4:26-cv-00420-JDR-SH, 2026 WL 2043198, at *3 (N.D. Okla. July 15, 2026) (determining that the Court lacked jurisdiction over similar claims).

Sometimes, a court may review "predicate legal question[s]" that, although relevant to the case, "d[o] not concern a 'decision'" by the Secretary. *Fofana v. Noem*, 163 F.4th 1135,

1139 (8th Cir. 2026). But those sorts of questions involve only antecedent legal issues that can be answered without prying into the decision itself. *Cf., e.g.*, *Mullin v. Doe*, 609 U.S. 324, 344 (2026) ("If the final agency action is unreviewable, then so too are subsidiary determinations."). One example is when the answer to a predicate legal question might mean "there was no decision for the Secretary to make." *Fofana*, 163 F.4th at 1139. Here, whether the Secretary's decision was sufficiently individualized is a subsidiary aspect of that decision rather than some separate legal question. Perhaps it is not an aspect of the decision's *merits*, but federal law bars review of more than just the ultimate outcome: the "*entire* decision . . . is insulated from judicial review." *Id.* (emphasis added).

Besides, even if the Court could review the petitioners' challenge, they would fare no better. DHS's regulation requires it to act on a "case-by-case" basis when it *grants* parole, not when it *terminates* it. *Compare* 8 C.F.R. § 212.5(b) ("The parole of aliens within [certain groups] would generally be justified only on a case-by-case basis . . . ."), *with id.* § 212.5(e)(2)(i) (stating that parole shall be terminated upon written notice and "accomplishment of the purpose for which parole was authorized or when in the opinion of [the relevant official], neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States"). In relevant part, the regulation mirrors the statute, which likewise requires determinations to grant parole to be made "only on a case-by-case basis" but includes no similar text for decisions to terminate parole. 8 U.S.C. § 1182(d)(5)(A). The agency's use of that phrase in one instance but not the other shows that it knew how to require individualized decisions, but chose not to for terminations of parole. *See Doe v. Noem*, 152 F.4th 272, 286 (1st Cir. 2025) (applying the same logic to the statute). Whether statutory or regulatory, the petitioners' challenge would fail on the merits because the relevant text omits the "case-by-case" requirement they believe is there.

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus, ECF 1, is **DISMISSED** as to Count III.

Dated this 28th day of October, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN DISTRICTS OF MISSOURI